Moses K. Marean *versus* Benjamin Longley & *al.*

M. delivered his horse to L. in August, 1840, and at the same time received the note of the latter for one hundred dollars, to be paid when M. V. B. should be elected President of the United States, if elected at the then next November election, and should live until that time. M. V. B. lived until that time, but was not elected ; and in February following, M. demanded the horse and payment of the note of L. and brought his action of assumpsit on the note and for the value of the horse as sold and delivered. *It was held :* —

That if the contract, which was to be considered but a bet on the event of the then pending election of president of the United States, was lawful, then the plaintiff cannot recover, as he has lost his bet : —

That if it be unlawful, he cannot recover on the note ; nor for the value of the horse, delivered under such unlawful contract, unless the statute against *gaming* will aid him :

And that this statute will not aid him, because if the winning has been of goods, &c. which have been delivered, then the statute remedy is by an action of *trover*, or a special action of the case, commenced within three months of the time when the goods were delivered.

The action was assumpsit on a note, on an account for a horse sold and delivered, and for money had and received ; and was commenced Feb. 16, 1841. A copy of the note declared on follows : —

" Standish, August 1, 1840. For value received we jointly and severally promise to pay Moses K. Marean, or order, one hundred dollars and interest, to be paid when Martin Van Buren is elected President of these United States ; if so be he should be elected at the Presidential election in November next ; if the said Martin Van Buren should live until that time.

"Benjamin Longley,
"Nathaniel Bacon, Jr.
"Charles Barrell."

The parties agreed on this statement of facts.

The plaintiff, on August 1, 1840, being the owner of a horse, offered to dispose of the same to the defendants, and received therefor the note signed by the defendants, described in the declaration. The horse was delivered by the plaintiff to the defendants, and the note was executed and delivered to the plaintiff, and the bargain thus completed. Before the

commencement of the present suit, a demand was made by the plaintiff upon the defendants for the horse, for the value thereof, and of payment of the note. Martin Van Buren lived until after the November election, and was not elected President of the United States. The general result of the Presidential election was not known in Maine until December 15, 1840.

If upon these facts the plaintiff is entitled to recover, the defendants are to be defaulted, and judgment be entered for the amount of the note, or of the value of the horse, as the Court may determine. But if not entitled to recover, he is to become nonsuit, and the defendants recover their costs.

*Codman* and *Fox,* for the plaintiff, said that the defendants had received the horse, and had not paid for it, unless by this note. If therefore the note is valid, we are entitled to recover the amount of it; and if it is not valid, the defendants have purchased our horse, and have not paid for it, and we are entitled to judgment for its value. *Stebbins* v. *Smith,* 4 Pick. 97.

The note is payable but on a contingency ; and as that contingency cannot happen, it becomes payable in a reasonable time.

But if it can be considered a gaming transaction, the consideration can be recovered back. The three months limitation commenced when the result of the Presidential election was known, December 15. The case, however, does not show this to have been a gaming transaction, and the Court cannot presume it.

*Deblois* and *O. G. Fessenden,* for the defendants, contended, that this was an election wager, and therefore an illegal transaction. All wagers in this State are illegal. *Lewis* v. *Littlefield,* 3 Shepl. 233.

But if it were not so, the contingency has never happened on which only the note was to become payable, and the action cannot be maintained.

Where property is delivered over in pursuance of an illegal

transaction, the law will not enable the party to recover it back. Bull. N. P. 132; 2 Com. on Con. 496; Dougl. 696; 8 T. R. 575; Cowper, 790.

The statute in relation to gaming, St. 1821, c. 18, does not apply to this case. But if it did, it was barred by the statute limiting the action to three months from the payment of the money or delivery of the articles. That was in August, and the action was not commenced until February.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action of assumpsit, in which the plaintiff is attempting to recover the value of a horse, estimated at one hundred dollars, and interest thereon from the first of August, 1840, at which time the horse was delivered by him to the defendants. The delivery of the horse was upon an agreement, that the defendants should pay the above sum and interest in case Martin Van Buren should live and be elected President of the United States in November then next. It is admitted, that Mr. Van Buren was not so elected, although then living. A note was given, at the time, for the amount stipulated to be paid, in conformity to the above terms, which is duly set forth in the plaintiff's writ which also contains counts for the horse as sold and delivered generally, and for money had and received.

The plaintiff contends, that the condition upon which the horse was to be paid for, was void; and that he has a right to recover the value of him, notwithstanding the non-compliance with the condition. It cannot be winked out of sight, that this was nothing more nor less, in the contemplation of the parties, than a bet upon the event of the then pending election for the presidency of the United States. This was either lawful or unlawful. If lawful the plaintiff has lost his bet, and must abide by the terms agreed upon, and cannot recover pay for his horse. If unlawful he would not seem to be in any better predicament, as *in pari delicto potior est conditio defendentis;* unless the statute against gaming will aid him to recover. That statute provides, that money lost by gaming, and paid to

French *v.* Brunswick.

the winner, may be recovered back, in an action for money had and received; but if the winning be of goods, &c. which have been delivered, an action of trover or a special action of the case may be maintained therefor, if commenced within three months. If therefore, an action were maintainable in this case, upon the ground, that this was a gaming transaction, as the article won and delivered was a horse, and this action is assumpsit; maintainable, if at all, upon an implied promise, the plaintiff must fail. A nonsuit therefore must be entered.